# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42196

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 353** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 28, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JEFFREY LEWIS DUNN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins Jr., District Judge.

Judgment of conviction, <u>vacated</u>; and case <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Jeffrey Lewis Dunn appeals from his judgment of conviction for three counts of lewd conduct with a minor child. Dunn asserts the district court erred in admitting evidence pursuant to Idaho Rule of Evidence 404(b). In addition, Dunn alleges the State committed prosecutorial misconduct during sentencing and the Idaho Criminal Rule 35 motion hearing by commenting on his failure to participate in a psychosexual evaluation. For the reasons set forth below, we vacate the judgment of conviction and remand the matter for further proceedings.

## I.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Dunn was charged with three counts of lewd conduct with a minor child under sixteen and the sentencing enhancement for repeat sex offenders. Each count involves a different victim: S.E., A.D., and M.T. Following a trial, the jury returned a guilty verdict on all three counts and Dunn pleaded guilty to the sentencing enhancement. Dunn was sentenced to three

1

concurrent fixed-life sentences. Dunn's I.C.R. 35 motion was denied following a hearing before the district court. Dunn appeals the admission of I.R.E. 404(b) evidence and for the first time on appeal, he alleges the State committed prosecutorial misconduct during sentencing and the I.C.R. 35 motion hearing.

In a pretrial motion in limine and notice of intent to utilize I.R.E. 404(b) evidence, the State argued for the admission of I.R.E. 404(b) evidence related to Dunn's 1995 conviction for lewd conduct because the facts of that case tended to show a common scheme or plan consistent with the charged conduct involving the three named victims: S.E., A.D., and M.T. The district court granted the motion allowing the admission of I.R.E. 404(b) evidence about Dunn's abuse of C.R., his daughter, the named victim in the 1995 case. The district court made factual findings of the similarities between the facts of C.R.'s case and the facts in each of the charges in this case including: the age of C.R. and the victims in this case when the abuse occurred; Dunn's role as a father to C.R. and a father-figure to the victims in this case; and the consistency in the type of lewd conduct committed against C.R. and the victims in this case. The court determined: (1) there was sufficient evidence to establish the prior bad act as fact; and (2) the evidence was relevant for purposes other than propensity and was admissible pursuant to I.R.E. 404(b). The court stated:

> The Court can make findings that the alleged victims are of similar ages, two of them a year or so apart. The acts are similar enough to draw 404(b) in as a common plan or scheme, and the manner in which the allegations took place have similarity to previous incidences involving the daughter. And so the Court will allow testimony from [C.R.] as to the prior offenses.

The court did not conduct an analysis under the I.R.E. 403 balancing test and did not make a finding that C.R.'s testimony would not be unduly prejudicial to Dunn. Dunn argues the district court erred by failing to consider the prejudicial nature of the I.R.E. 404(b) evidence.

The I.R.E. 404(b) evidence was presented to the jury during voir dire, the State's opening statement, Dunn's opening statement, C.R.'s testimony, and the testimony of both Detective Lawrence and Detective McKenna. While selecting the jury, the State asked potential jurors, "You're going to hear this was done before. Okay. And he's accused of doing it again. Now, he's entitled to a fair and impartial juror and that (inaudible). Could you be fair and impartial given that information?" The prosecutor stated to another juror, "You're going to hear evidence that he's done it before. You're going to hear that. That's what we're talking about

2

here. You're going to hear that it was done 18 years ago." Another juror asked, "Was there an actual conviction before or was it just an accusation?" The prosecutor responded:

> We're not going to go over that right now. I just simply posed the issue based upon (inaudible) I want you to get a sense of the fact that his daughter's going to take the stand and say he did it to her. You're going to hear his statements from 1995 about what happened back in 1995.

Dunn did not object to this line of questioning.

During Dunn's voir dire of the jury panel, Dunn addressed this line of questioning with some of the jurors and then stated:

> Mr. Clark brought this elephant--or introduced the elephant that was already in the room regarding the nature of the charges here. And then he mentioned that Mr. Dunn has a prior history involving these types of allegations. And so because that elephant is in the room I might as well address it also, and let you know nearly two decades ago Mr. Dunn was convicted of a similar offense.
>     Paid his price to society. He was sentenced. He successfully completed all of the terms and conditions that were placed on him. His punitive measures regarding that sentence and moved on with his life, and now we're dealing with these allegations again.

Following this statement, the court excused at least seven jurors who indicated they would not be able to be impartial knowing that Dunn had a prior conviction.

In the State's opening statement, the prosecutor again told the jury C.R. would testify about her abuse and "[t]he purpose of hearing that is to draw the similarities between what he had done to her and what was done to these girls." The prosecutor also told the jury they would hear from the detective that investigated C.R.'s case, and Det. McKenna would testify "about his discussion with the defendant about what happened with [C.R.]. He's going to tell you about his conversation with the defendant involving these allegations. We're going to discuss with you the things he said about what he had done or not."

In the defense's opening statement, counsel stated:

> Mr. Dunn is going to take the stand and he's going to testify that yeah he's been convicted of this in the past nearly 20 years ago . . . . In fact he'll end up testifying that the reason he's here at trial is because two decades ago he was guilty and now in 2013 he's not.

In the State's case-in-chief, prior to C.R.'s testimony, Dunn renewed his objection to the I.R.E. 404(b) evidence stating, "I believe if the court finds the evidence falls within some of the enumerated exceptions of 404(b), I do believe the information to be presented today is so prejudicial that it completely outweighs any probative value or practical value it would have

3

under the Idaho Rules of Evidence." The court affirmed its ruling that the evidence was relevant and admissible under the common scheme or plan exception to I.R.E. 404(b) based on the testimony of the three victims and its understanding of the content of C.R.'s prospective testimony. Again, the court did not apply the I.R.E. 403 balancing test and did not address Dunn's objection that the evidence was unduly prejudicial. Thereafter, Dunn asserted a "continuing objection" to the I.R.E. 404(b) testimony.

C.R.'s testimony was not extensive and she was not overly cooperative with the State; however, she did testify Dunn had performed "oral sex" on her, but he had not touched her with his hand, and he did not have her touch him. She testified Dunn told her he committed the lewd conduct for the purpose of "showing me that he loved me." Following C.R.'s testimony, the court provided the jury a limiting instruction consistent with I.R.E. 404(b).

Detective Lawrence testified about the 1995 case investigation including how Dunn admitted to numerous incidences of lewd conduct against C.R. and stated the lewd conduct was a way to show C.R. that he loved her. Dunn did not object to any of this testimony.

Detective McKenna testified about his investigation of this case and the interview he conducted with Dunn. As Det. McKenna began testifying about Dunn's statements regarding the facts of the 1995 case, Dunn interrupted and suggested the court give the limiting instruction prior to any further testimony. The court gave the instruction and Det. McKenna then testified that Dunn admitted to being convicted of a crime against C.R. where he had fondled her and had oral sex with her. The defense objected, stating:

> Your Honor, I'm going to object. I think we're kind of beating a dead horse on this issue, and I argue this is cumulative. We had [C.R.] testify as to what he did. Detective Lawrence, who investigated the initial matter has testified about what happened. I don't think that's being disputed at this point.

In response, the State conceded the testimony may be cumulative but stated, "we're also going to draw some inconsistencies in the statements, which would be for impeachment purposes."[1] The inconsistency arises from Dunn's statements to Det. McKenna during the interview on the current charges that the abuse committed against C.R. in 1995 occurred only one time for approximately a minute and a half, which is not consistent with the underlying facts of the 1995

---

[1] In the motion in limine, the State did not indicate its intent to utilize the inconsistency of Dunn's statements in the two investigations or that it would attempt to impeach Dunn with the inconsistent statements.

case. The State offered to re-phrase the question and the defense again objected, arguing the testimony would go beyond the scope of the I.R.E. 404(b) ruling. The court sustained the objection because the State's attempt to impeach Dunn was premature.

The State then re-phrased the question as follows: "Is that statement different than what he told Detective Lawrence in 1995?" The defense objected, the court overruled the objection, and Det. McKenna then testified that Dunn's statement in this case about what happened in 1995 was not consistent with the statements made during the investigation of the 1995 charges.

After the jury returned the guilty verdict on all three counts, the court set the matter for sentencing. At the beginning of the sentencing hearing, the court noted it previously advised Dunn of his Fifth Amendment rights and the consequences of not participating in the PSE. Dunn and his counsel both agreed that Dunn understood and was ready to proceed with sentencing without the PSE.

During the State's sentencing recommendations, the prosecutor stated, in part:

> The evidence against the defendant was overwhelming, and to this day, he continues to not own it, to the point--to the extent that he chooses to not give this Court mitigating information in a psychosexual evaluation.
> . . . .
> What fact does this Court have to suggest he should be living next door to anyone again?
> What fact does this Court have to suggest he ought to be allowed to be the father figure to any teenage child again?
> Because when it comes right down to it, that's the question we're asking ourselves, isn't it? I mean, we're asking ourselves how comfortable are we with the risk of him being the father figure to anyone else?
> I just simply can't do it.
> We're going to ask the Court impose a life sentence, ask that that be fixed . . . .

In formulating the sentence, the court considered the PSI, the testimony of the victims, the corroborating testimony of C.R., the nature of the offense, the type of lewd conduct, Dunn's role as a father figure, and his prior criminal history. However, the court also stated:

> I've also considered the fact that I have no evidence before me to suggest that you are treatable in the community and that you do not pose a threat to the community. And those are considerations for the Court.

During the I.C.R. 35 motion hearing, the State opposed the motion making a similar argument about the lack of a PSE and the court thereafter denied the motion.

## II.

## ANALYSIS

A.      **Common Scheme or plan Evidence**

On appeal, Dunn argues the district court erred in admitting I.R.E. 404(b) common scheme or plan evidence.  He further argues the district court erred in failing to conduct the I.R.E. 403 balancing test to determine whether the evidence was unduly prejudicial.  He asserts that had the court engaged in this balancing test, the court would have determined the testimony was unduly prejudicial and therefore, inadmissible.

The State argues that while the district court did not explicitly state its I.R.E. 403 balancing analysis on the record, its determination that the evidence was relevant and admissible implies a determination that the evidence was more probative than prejudicial.

"A trial court has 'broad discretion' in determining whether to admit or exclude evidence, 'and its judgment in the fact finding role will only be disturbed on appeal when there has been a clear abuse of discretion.' "  *State v. Joy*, 155 Idaho 1, 6, 304 P.3d 276, 281 (2013) (quoting *State v. Watkins*, 148 Idaho 418, 421, 224 P.3d 485, 488 (2009)).  "[T]he trial court's conclusion that the probative value of the evidence is not outweighed by its unfair prejudice is reviewed under an abuse of discretion standard."  *State v. Tapia*, 127 Idaho 249, 254, 899 P.2d 959, 964 (1995).  This Court determined:

> [w]hether the district court abused its discretion by examining:  (1) whether the court correctly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of its discretion and consistently within the applicable legal standards; and (3) whether the court reached its decision by an exercise of reason.

*State v. Shackelford*, 150 Idaho 355, 363, 247 P.3d 582, 590 (2010).

> I.R.E. 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if the act's probative value is entirely dependent upon its tendency to

6

demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009); *see also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

The Idaho Supreme Court has held a district court abuses its discretion when it fails to conduct the I.R.E. 403 balancing test before admitting or excluding evidence. *State v. Parker*, 157 Idaho 132, 139, 334 P.3d 806, 813 (2014). In *Parker*, the Court found that a district court is required to address "whether the probative value is substantially outweighed by one of the considerations listed" in I.R.E. 403 and a failure to do so is an abuse of discretion because the

court did not act consistently within the applicable legal standards.  *Parker*, 157 Idaho at 139, 334 P.3d at 813 (citing *State v. Ruiz*, 150 Idaho 469, 471, 248 P.3d 720, 722 (2010)).

At issue in this case is the common scheme or plan exception to I.R.E. 404(b).  In *Grist*, the Supreme Court noted that "where relevant to the credibility of the parties, evidence of a common criminal design is admissible."  *Grist*, 147 Idaho at 54, 205 P.3d at 1190 (quoting *State v. Moore*, 120 Idaho 743, 746, 819 P.2d 1143, 1146 (1991)).  Neither party cites to *State v. Joy*, 155 Idaho 1, 304 P.3d 276 (2013), and the district court did not rely on this case when it issued its decision on the State's motion in limine[2] or when Dunn raised his objection to this evidence during trial.  In *Joy*, the Idaho Supreme Court examined the common scheme or plan exception to I.R.E. 404(b) that allows for the admission of evidence of prior conduct when used to demonstrate the charged conduct is part of a common scheme or plan.  *Joy*, 155 Idaho at 8, 304 P.3d at 283; I.R.E. 404(b).  The Court held:

> Thus, to be admissible under Rule 404(b), evidence of prior misconduct must show more than a superficial similarity to the nature and details of the charged conduct, but must instead show that the defendant's charged and uncharged conduct is linked in a way that permits the inference that the prior conduct was planned as part of a course of conduct leading up to the charged offense.

*Joy*, 155 Idaho at 10, 304 P.3d at 285.

The *Joy* Court relied on its prior rulings in *Johnson*, 148 Idaho at 667, 227 P.3d at 921 and *Grist*, 147 Idaho at 52, 205 P.3d at 1188 where the Court "explained that evidence showing only 'generalized similarities,' between charged and uncharged conduct, such as the victim's sex or age, or the means by which a defendant gains access to them 'is more accurately described as inadmissible evidence merely demonstrating the defendant's predisposition for opportunistically molesting children.'"  *Joy*, 155 Idaho at 10, 304 P.3d at 285 (citing *Johnson*, 148 Idaho at 669 n.5, 227 P.3d at 923 n.5; *Grist*, 147 Idaho at 54, 205 P.3d at 1190).

In *Grist*, the Court noted that I.R.E. 404(b) had its source in common law.

> The policy underlying the common law rule was the protection of the criminal defendant.  *See* 22 Wright & Graham, Federal Practice and Procedure:  Evidence, § 5239, pp. 436-439.  "The prejudicial effect of [character evidence] is that it induces the jury to believe the accused is more likely to have committed the crime on trial because he is a man of criminal character."  *State v. Wrenn*, 99 Idaho 506,

---

2      *State v. Joy*, 155 Idaho 1, 304 P.3d 276 (2013) was issued on June 25, 2013, and the motion in limine hearing was held on July 8, 2013, and the court's trial ruling occurred on November 20, 2013.

510, 584 P.2d 1231, 1235 (1978). Character evidence, therefore, takes the jury away from their primary consideration of the guilt or innocence of the particular crime on trial. *Id.* The drafters of I.R.E. 404(b) were careful to guard against the admission of evidence that would unduly prejudice the defendant, while still allowing the prosecution to present probative evidence.

*Grist*, 147 at 49, 205 P.3d at 1188. Thus, inadmissible I.R.E. 404(b) evidence, by its very nature, is unduly prejudicial.

Dunn acknowledges that his counsel: (1) conceded the I.R.E. 404(b) evidence was proven as fact and this is not challenged on appeal; and (2) may have conceded the evidence may be admissible to prove opportunity, intent, preparation, and plan and therefore, Dunn does not separately challenge the admittance of the evidence on relevance grounds.

Nonetheless, a determination of whether the evidence was admissible was a necessary predicate determination as to whether the evidence was unduly prejudicial. Additionally, the district court has an obligation to ensure that irrelevant evidence is not admitted. The Supreme Court noted in *State v. Orellana-Castro*, 158 Idaho 757, 763, 351 P.3d 1215, 1221 (2015):

> As we stated in *Grist*, "We once again caution the trial courts of this state that they must carefully examine evidence offered for the purpose of demonstrating the existence of a common scheme or plan in order to the [sic] determine whether the requisite relationship exists." 147 Idaho at 55, 205 P.3d at 1191. Trial courts must realize that following the law as set forth in *Grist* and in *Johnson* will prevent the alleged victims from having to go through a trial a second time.

Here, the district court's I.R.E. 404(b) analysis was limited to the determination of whether the prior bad act could be established as fact (which it could) and whether the prior conduct was so similar to the facts of this case to justify the finding of common scheme or plan. That is, the district court's analysis only examined the similarities between the testimony of C.R. as compared to the testimony of the three named victims in this case--an analysis the Idaho Supreme Court has held to be insufficient and improper for a finding of common scheme or plan. The district court did not recognize that in order to conclude the I.R.E. 404(b) evidence was admissible (and necessarily more probative than prejudicial) it was required to find the prior conduct was "planned as part of a course of conduct leading up to the charged offense." There is no evidence in the record to establish that Dunn's 1995 conviction was so related to the instant offense that proof of the 1995 conviction permitted the inference that the 1995 conviction was planned as part of a course of conduct leading up to the instant offense. Instead, the district court's analysis was simply a recitation of similarities demonstrating Dunn's tendency and

9

propensity to commit lewd conduct against victims of similar age and in a similar manner and this type of an analysis was specifically rejected by the *Joy* Court. Therefore, the district court's decision to admit the I.R.E. 404(b) evidence was not within the applicable legal standards and was an abuse of discretion.

This error is significant because of the district court's failure to engage in the I.R.E. 403 balancing test, despite Dunn's objections that the evidence was unduly prejudicial. Because the evidence was not relevant or admissible under *Joy*, it cannot be said that its admission would be more probative than prejudicial under the I.R.E. 403 balancing test. This is true especially given the common law policy of excluding unduly prejudicial character evidence. Additionally, the court's failure to explicitly find the I.R.E. 404(b) evidence was more probative than prejudicial did not comply with the applicable legal standards as set forth in *Parker*. By failing to engage in the I.R.E. 403 balancing test prior to admitting the testimony of C.R., Det. Lawrence, and Det. McKenna as described above, the district court acted outside the applicable legal standards and thus, abused its discretion.

## B. Detective McKenna's Testimony Regarding Dunn's Inconsistent Statements

On appeal, Dunn argues the district court erred in permitting Det. McKenna to testify about Dunn's statements minimizing the extent of the lewd conduct committed against C.R. When the State elicited this testimony, it noted the intent was to impeach Dunn with the inconsistency of the statements Dunn made in 1995 about the lewd conduct committed against C.R., as opposed to his statements about that case during the investigation of this matter. Dunn objected to this testimony because it was both cumulative and improper under the court's I.R.E. 404(b) ruling because the State had not put Dunn on notice that the inconsistent statements would be utilized as I.R.E. 404(b) evidence.

The initial question is whether Dunn's statements about the 1995 case were admissions of a past crime, wrong, or act. Since lewd conduct with a minor is prohibited under Idaho Code § 18-1508, his statements regarding that conduct would be categorized as I.R.E. 404(b) evidence.

Next we must consider whether the State complied with the notice requirements of I.R.E. 404(b) which compels the State to provide notice "of the general nature of any such evidence it intends to introduce at trial." I.R.E. 404(b). In *State v. Sheldon*, 145 Idaho 225, 230, 178 P.3d 28, 33 (2008), the district court allowed the State to elicit at trial that Sheldon admitted he had dealt drugs in the past. *Id.* at 229, 178 P.3d at 32. However, the State failed to comply

10

with the notice requirements of I.R.E. 404(b). *Sheldon*, 145 Idaho at 229, 178 P.3d at 32. The Idaho Supreme Court held, "compliance with I.R.E. 404(b) is mandatory and a condition precedent to admission of other acts evidence. Because the State failed to comply with the notice provisions of I.R.E. 404(b), Sheldon's statements were inadmissible." *Sheldon*, 145 Idaho at 230, 178 P.3d at 33.

Here, it is undisputed that the I.R.E. 404(b) notice did not address Dunn's inconsistent statements about the facts of the 1995 case involving C.R. and consequently, Dunn is correct that the testimony was outside the scope of the I.R.E. 404(b) ruling. Detective McKenna's testimony on this issue was inadmissible both because the State failed to comply with the I.R.E. 404(b) notice requirements and because, as noted above, the testimony was not relevant. As a result, the district court erred in allowing Det. McKenna to testify about Dunn's prior inconsistent statements.

## C.     Harmless Error

Because the district court erred in admitting both the testimony about the facts and circumstances of the 1995 case and Dunn's inconsistent statements regarding that case, we must determine whether the error was harmless.

Dunn argues the admission of the evidence discussed above is not harmless error because the State cannot show the jury was not influenced by the extensive evidence and discussion of the prior bad acts and the prejudicial nature of the prior bad act testimony. Dunn argues the limiting instructions given to the jury were not adequate to overcome the prejudice caused by this evidence. Dunn further argues the State emphasized the testimony of Det. McKenna (including the testimony excluded by the court) in closing arguments, in violation of the court's order and the limiting instructions.

In response, the State argues the admission of this evidence was harmless error because there was substantial and competent evidence from the three victims in this case to support the jury verdict.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). An improper evidentiary ruling may be deemed to be harmless if the error does not

11

affect a substantial right of the defendant. *Parker*, 157 Idaho at 139-140, 334 P.3d at 813-814. In such a case, the burden is on the State to "prove 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id*. at 140, 334 P.3d at 814 (citing *State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010)).

We cannot conclude the admission of the I.R.E. 404(b) evidence or the evidence about the inconsistent statements was harmless error. As noted above, this inadmissible evidence permeated the trial; the jury heard about the 1995 conviction in voir dire, three of the State's seven witnesses testified as to this evidence, and the State argued this evidence in both the opening statement and closing argument. That evidence, in combination with Det. McKenna's testimony about the inconsistent statements, affected all aspects of the trial. The district court erred in admitting evidence that was both inadmissible under *Joy* and not properly analyzed for unfair prejudice pursuant to I.R.E. 403. We cannot conclude this evidence did not contribute to the jury's verdict of guilt. Therefore, the judgment of conviction must be vacated

## D.     Prosecutorial Misconduct at the Sentencing Hearing and Idaho Criminal Rule 35 Hearing

Although we have vacated the judgment of conviction, we provide the following for direction on remand.

Dunn made no contemporaneous objection to the prosecutor's statements during the sentencing and I.C.R. 35 motion hearings. However, he now argues the State's alleged prosecutorial misconduct during sentencing and the I.C.R. 35 motion hearing amounts to fundamental error because the prosecutor commented on Dunn's decision to not participate in the PSE in violation of his constitutional right to remain silent. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 824 P.2d 123 (1991). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho at 571, 165 P.3d at 285; *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for

reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978.

This Court recently addressed the constitutionality of drawing adverse inferences at sentencing from a defendant's refusal to participate in a PSE in *State v. Jimenez*, ___ Idaho ___, ___ P.3d ___ (Ct. App. Dec. 4, 2015) (review pending). In *Jimenez*, we held a court may consider "a defendant's invocation of his or her Fifth Amendment privilege to refuse participation in [a PSE] as part of determining an appropriate sentence." *Id*. at ___, ___ P.3d at ___. The Court based its holding on the United States Supreme Court's decision in *Mitchell v. United States*, 526 U.S. 314 (1999) and *White v. Woodall*, ___ U.S. ___, 134 S. Ct. 1697 (2014) and on several lower court decisions interpreting *Mitchell*. In *Mitchell*, the Supreme Court prohibited judges from drawing adverse inferences from a criminal defendant's silence at sentencing, but explicitly limited the prohibition "to factual determinations respecting the circumstances and details of the crime." *Mitchell*, 526 U.S. at 328. The *White* Court held this limitation "leaves open the possibility that some inferences might permissibly be drawn from a defendant's penalty-phase silence." *White*, ___ U.S. at ___, 134 S. Ct. at 1703 (holding that *Mitchell* cannot be read to require a *blanket* no-adverse-inference instruction at every penalty-phase trial). Accordingly, "some lower courts have noted *Mitchell's* narrow holding and have held that sentencing courts may consider a defendant's silence or refusal to answer questions in determining an appropriate sentence." *Jimenez*, ___ Idaho at ___, ___ P.3d at ___. Thus, in *Jimenez*, Idaho joined "those jurisdictions that have adopted a narrow application of *Mitchell*, prohibiting only negative factual inferences as to the circumstances and details of the crime based upon a defendant's silence." *Id*.

Dunn argues his constitutional rights were violated by the State's arguments because the statements were intended to encourage the court to impose a harsher sentence because Dunn exercised his Fifth Amendment right and refused to participate in the PSE. In support of his claim, Dunn relies on the court's comments at sentencing and the I.C.R. 35 motion hearing which indicate the court drew adverse inferences from his exercise of his Fifth Amendment right regarding a lack of information about Dunn's risk to re-offend. He argues because of the State's comments, the court imposed a harsher sentence.

The State argues Dunn has failed to support his arguments with legal authority that prohibits the State from commenting on the lack of a PSE at sentencing and therefore, this

argument should not be considered on appeal. In addition, the State argues Dunn has failed to show these comments violated Dunn's constitutional rights and that Dunn has failed to show the court relied on the State's comments when fashioning the sentence imposed. The State argues the court's comments prior to issuing the sentence show the court relied on proper considerations--criminal history, the nature of the crime, and the *Toohill*[3] factors.

In accordance with *Jimenez*, we hold that any comments made by the prosecutor at sentencing could not amount to prosecutorial misconduct because even if the State had encouraged the court to draw certain conclusions from Dunn's refusal to participate in the PSE, the court was legally permitted to draw such conclusions based on Dunn's refusal. In other words, the State only encouraged such action as the court was already permitted to take. Encouraging legally permissible conclusions cannot be misconduct.

A PSE assists the district court in fashioning an appropriate sentence. It is an evaluative tool that aids in gauging a defendant's propensity for future violations. In this case, the district court noted it could not assess Dunn's propensity for future violations and risk to society without the PSE. Thus, any adverse inferences the court drew from the refusal to participate in the PSE necessarily pertained to Dunn's propensity for future violations and risk to society, not the circumstances and details of his crime. Because the district court did not draw any impermissible adverse inferences from the refusal to participate in the PSE, it did not violate Dunn's Fifth Amendment right against self-incrimination and therefore, did not deprive him of due process in fashioning his sentence. The district court did not violate Dunn's unwaived constitutional rights, there was no fundamental error, and we need not address the last two prongs of the *Perry* analysis.

### III.

### CONCLUSION

The Court holds the district court abused its discretion when it admitted the I.R.E. 404(b) evidence regarding the 1995 case and Dunn's inconsistent statements. Such error was not harmless and we vacate Dunn's conviction and remand the case for further proceedings consistent with this opinion. The Court further holds the prosecutor did not commit misconduct in making adverse inferences based on Dunn's lack of participation in the PSE.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.

---

[3] *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App 1982).

14