# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34286

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JOHN SHELDON,

    Defendant-Appellant.

Boise, December 2007 Term

2008 Opinion No. 13

Filed: January 28, 2008

Stephen W. Kenyon, Clerk

_____

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

The district court's order on conviction is <u>vacated</u> and the case is <u>remanded</u> for further proceedings.

Westberg McCabe & Collins, Chtd., Boise, for appellant. Thomas J. McCabe argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

J. JONES, Justice

John Sheldon was convicted of trafficking in methamphetamine and concealing a dangerous weapon. During his trial, the district court admitted testimony regarding nearly $7,000 in cash found in his vehicle, as well as testimony that Sheldon admitted having dealt drugs in the past. The Court of Appeals affirmed his conviction. We vacate the conviction and remand for further proceedings.

## I.

John Sheldon was stopped on August 11, 2000 for failing to stop as he drove out of an alley. The stop occurred around 3 a.m., and officers suspected Sheldon was under the influence of drugs or alcohol. Sheldon passed a field sobriety test. At the behest of the officers, Sheldon consented to a search of his vehicle for weapons. During the search, officers discovered a set of

1

brass knuckles, and a nylon and fiberglass knife. They placed Sheldon under arrest for the concealed weapons and performed a search of the vehicle incident to arrest. That search uncovered nearly $7,000 in cash neatly bundled in his wallet and day planner. It also uncovered more than a pound of methamphetamine that had been secreted beneath the springs of the driver's seat.

After his arrest, the officers took Sheldon to the police station. In an interview with a detective, Sheldon admitted he knew what methamphetamine was and that he previously had dealt smaller quantities of methamphetamine. He denied knowledge of the methamphetamine in his vehicle. The State filed two charges against him—one count of trafficking in methamphetamine (I.C. § 37-2732B(a)), and another count of concealing a dangerous weapon (I.C. § 18-3302(9)).

Sheldon pleaded not guilty to the charges. He filed a motion to suppress the evidence found in the vehicle. The district court initially denied the motion to suppress, then reconsidered and granted the motion. Since all of the State's evidence had been suppressed, the court granted Sheldon's motion to dismiss. The State appealed, and the Court of Appeals reversed the suppression order and remanded the case. *See State v. Sheldon*, 139 Idaho 980, 88 P.3d 1220 (Ct. App. 2003).

The case proceeded to a jury trial. Prior to trial, the State never notified Sheldon of its intent to produce any evidence of other bad acts pursuant to I.R.E. 404(b). At the beginning of trial, Sheldon's counsel orally moved to exclude any such evidence based on the State's failure to file and serve notice of its intent to use such evidence. The district court appeared to grant Sheldon's motion, replying "all right."

During trial, the State introduced evidence of the $7,000 cash discovered during the search. It also introduced evidence of Sheldon's statements about previously having dealt methamphetamine. Sheldon's counsel moved to exclude the evidence and also for a mistrial, but the district court allowed the evidence. The court gave the jury a limiting instruction to the effect that it may have permitted some inadmissible propensity evidence and that such evidence should be disregarded. The jury found Sheldon guilty on both counts. The court imposed a 21-year unified sentence on Sheldon, with the first 11 years fixed, as well as a $25,000.00 fine. Sheldon appealed.

2

The Court of Appeals determined the $7,000 cash was not 404(b) evidence and was properly admitted. However, it agreed with Sheldon's contention that the district court failed to recognize Sheldon's statements about dealing methamphetamine as 404(b) evidence. The court examined that evidence and concluded it would have been admissible to show Sheldon's knowledge of methamphetamine, rather than his criminal propensity. The court also considered the State's failure to give the required notice to Sheldon prior to its introduction of the evidence. The court concluded this error was an abuse of discretion by the district court, but concluded the error was harmless. Thus, Sheldon's conviction was affirmed. Sheldon sought and this Court granted review.

## II.

This case presents the question of whether the State's failure to provide notice of its intent to present I.R.E. 404(b) evidence is reversible error. We hold it is such, vacate Sheldon's conviction, and remand for further proceedings.

## A.

The Supreme Court grants review of decisions of the Idaho Court of Appeals in strictly limited circumstances. Idaho Appellate R. 118(b) provides, "[g]ranting a petition for review from a final decision of the Court of Appeals is discretionary on the part of the Supreme Court, and will be granted only where there are special and important reasons . . . ." While this Court gives serious consideration to the views of the Court of Appeals when considering a case on review from that court, we review the district court's decision directly. *State v. Rogers,* 140 Idaho 223, 226, 91 P.3d 1127, 1130 (2004).

## B.

Evidence of other crimes, wrongs, or acts is not admissible to show a defendant's criminal propensity. I.R.E. 404(b); *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003). However, such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, if the prosecution provides notice before presenting the evidence. I.R.E. 404(b). The evidence may be allowed if "the prosecution in a criminal case . . . file[s] and serve[s] notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." *Id.* In this case, the prosecution failed to serve notice, and the court did not excuse pretrial notice on

3

good cause shown. Thus, we must decide the consequence of failure to comply with I.R.E. 404(b).

### i.

Sheldon characterizes the nearly $7,000 found in his vehicle as "other acts" evidence that should have been excluded by the district court under I.R.E. 404(b). The Court of Appeals found the cash to be "circumstantial, physical evidence implicating Sheldon in the crime he was charged with committing." The court found the cash to be equivalent to the discovery of a scale, baggies, or ledgers—other items associated with drug dealing. In his petition to this Court, Sheldon does not challenge this ruling. However, because this Court directly reviews the trial court's decision, we may consider whether the cash was 404(b) evidence.

The State argues the cash discovered in the vehicle was "part and parcel" of the crime of possession. Given the lack of Idaho authority on point, the State points to federal authority. The comments to the 1991 amendments to Fed. R. Evid. 404(b) state the notice requirement "does not extend to evidence of acts which are 'intrinsic' to the charged offense." Federal courts in several jurisdictions have discussed the nature of "intrinsic" evidence. "Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged." *U.S. v. Sumlin,* 489 F.3d 683, 689 (5th Cir. 2007) (citing *United States v. Freeman,* 434 F.3d 369, 374 (5th Cir. 2005)); *accord U.S v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995); *U.S. v. Alexander*, 331 F.3d 116, 125 (D.C. Cir. 2003).

The possession of a large amount of cash is not a prior crime, wrong, or other act. It is physical, circumstantial evidence. In Sheldon's case, the jury could reach its own conclusion as to whether the cash was part of Sheldon's alleged criminal activity. None of the police officers who testified stated the cash was necessarily part of the crime. Instead, their testimony centered on where and how it was found, what the going price for a pound of methamphetamine was,[1] and the nature of the fingerprints on the package.[2] Sheldon testified that he had the cash for his business. He claimed part of the money was a loan and the rest was the proceeds from a motorcycle he had sold. As the fact-finder in the case, the jury was permitted to weigh each side's testimony and reach a conclusion about which party was credible.

---

[1] $6,000-$8,000 depending on the source.

[2] Inconclusive, due to the type of packaging.

Having concluded that the cash was not 404(b) evidence, we turn to the question of whether it was properly admitted. "The question of whether evidence is relevant is reviewed de novo, while the decision to admit relevant evidence is reviewed for an abuse of discretion. *State v. Shutz*, 143 Idaho 200, 202, 141 P.3d 1069, 1071 (2006). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. When determining whether the district court abused its discretion, we consider:

(1)    whether the lower court rightly perceived the issue as one of discretion;
(2)    whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and
(3)    whether the court reached its decision by an exercise of reason.

*McDaniel v. Inland Northwest Renal Care Group-Idaho, LLC*, 144 Idaho 219, 221-22, 159 P.3d 856, 858-59 (2007).

The district court determined the large amount of cash found in Sheldon's wallet and day planner to be relevant to the trafficking charge. The court pointed out that it was found "in close proximity to concealed weapons and close proximity to concealed alleged methamphetamines." Detective Markle testified that $6,000 to $8,000 a pound was the going rate for methamphetamine when Sheldon was arrested, and scales, ledgers and large quantities of money are associated with possession of pound quantities of methamphetamine. We conclude that the evidence was relevant.

We conclude, further, that the district court did not abuse its discretion in admitting the evidence of the cash. The district court engaged in an extensive discussion during trial about the relevance of the cash, its probative value, and whether it was unduly prejudicial pursuant to I.R.E. 403. Ultimately, the district court determined the cash was relevant to Sheldon's knowledge and intent, had some probative value, and was not unduly prejudicial. It appears from the record that the court correctly perceived the decision as to whether to admit the evidence as a discretionary one, that it acted within the boundaries of its discretion and that it reached its decision by an exercise of reason. When Sheldon's counsel again challenged the admission of the cash testimony at the end of the first day of trial, the district court stood by its decision and refused to grant a mistrial. Sheldon having failed to show that the district court abused its discretion, this Court will not overturn its ruling on the cash.

**ii.**

Following his arrest, Sheldon was interviewed at the police station by a detective. The detective wrote a report after the interview indicating Sheldon had told him he had dealt drugs in the past. During trial, the prosecution put the detective on the stand and asked a series of questions regarding the interview. The detective testified that Sheldon stated "he had no idea there was a pound of methamphetamine in his car." The detective was then asked if he had spoken to Sheldon about his knowledge of methamphetamine. Defense counsel objected on the grounds that the prosecution was trying to elicit 404(b) evidence. The district court overruled the objection, stating "we're not talking about any 404(b) evidence." The detective then testified, "Mr. Sheldon told me that he was involved in dealing methamphetamine in the past and told me that he dealt smaller quantities than what was found in his vehicle."

The initial question is whether Sheldon's statements were admissions of a past crime, wrong, or act. Since methamphetamine dealing is prohibited under I.C. § 37-2732B(a) (also I.C. § 37-2732(a)), his admission would be categorized as 404(b) evidence. Thus, the trial court was required to make a two-tiered analysis to determine whether the evidence was inadmissible propensity evidence under 404(b) or whether the evidence could be admitted for some other purpose. *State v. Cross*, 132 Idaho 667, 670, 978 P.2d 227, 231 (1999). First, the court considers whether the evidence is relevant to a material disputed issue concerning the crime charged. *Id.* Second, the court considers whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant. *Id.* This Court exercises free review over the first inquiry – relevance – but reviews the second inquiry – risk of unfair prejudice – under an abuse of discretion standard. *Id.* Unfortunately, the district court appears not to have recognized the statements as 404(b) evidence and, thus, failed to perform the two-tiered analysis.[3]

---

[3] The district court, perhaps recognizing its mistake in allowing in this 404(b) evidence, gave the jury a limiting instruction which stated,

> Evidence may have been introduced that the defendant may have committed acts other than that for which the defendant is on trial.
> Such evidence, if believed, is not to be considered by you to prove the defendant's character or that the defendant has a disposition to commit crimes.
> Such evidence may be considered by you only for the limited purpose of providing the defendant's intent and knowledge.

However, the limiting instruction was probably not sufficient to ameliorate the likelihood of unfair prejudice. It did not refer to the evidence the jury was supposed to ignore. Thus, the jury may not have realized it referred to the detective's testimony.

Having determined the statements were 404(b) other acts evidence, we next consider whether the district court erred in allowing their admission. I.R.E. 404(b) allows admission of other crimes, wrongs, or acts for purposes other than showing propensity, "provided that the prosecution in a criminal case shall *file and serve notice* reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." (emphasis added). It is uncontested that the prosecution in this case failed to serve notice and that it did not seek to have the court excuse notice during trial. The State contends the lack of notice should be treated as a discovery violation only, rather than a bar to admissibility.

This Court has yet to rule explicitly on the consequence of failing to provide I.R.E. 404(b) notice. In *State v. Cannady*, 137 Idaho 67, 44 P.3d 1122 (2002), we stated a prosecutor's failure to provide 404(b) notice was "inexcusable" but declined to rule on the issue because it was not preserved for appeal. *Id.* at 72, 44 P.3d at 1127. Given the lack of authority in this Court, federal authority is instructive. The 1991 committee notes regarding the F.R.E. 404(b) amendment state the provision was intended "to reduce surprise and promote early resolution on the issue of admissibility." That observation is especially apt here, because if the prosecution had provided timely notice of its intent to use Sheldon's statements in this case, the trial court would have been in a position to determine whether or not the statements were admissible. The 1991 committee notes state that "since the notice requirement serves as a condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." The Ninth Circuit found it to be an abuse of discretion for the trial court to admit 404(b) evidence without proper notice from the prosecution. *U.S. v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999). We agree and hold that compliance with I.R.E. 404(b) is mandatory and a condition precedent to admission of other acts evidence. Because the State failed to comply with the notice provisions of I.R.E. 404(b), Sheldon's statements were inadmissible.

The State argues that any error was harmless and therefore should be disregarded. I.C.R. 52 states, "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." The State would focus the harmless error analysis on whether there was prejudice from the absence of notice rather than prejudice from the content of the evidence. The

7

Court of Appeals agreed, concluding the lack of notice was harmless. We reach a contrary conclusion.

This Court recently stated, "To hold an error harmless, this Court must declare a belief, beyond a reasonable doubt, that there was no reasonable possibility that the evidence complained of contributed to the conviction." *Baldwin v. State*, 2008 W.L. 90089, *9 (January 10, 2008). We simply cannot do so here.

Sheldon's statements regarding his past dealings in methamphetamine do not prove that he knew of the methamphetamine in his vehicle on the night of August 11, 2000. Sheldon had loaned his car to a friend in the days prior, and his friend had spent 15 minutes alone in the car the evening of the arrest, supposedly looking for cigarettes. Merely because Sheldon dealt smaller amounts of methamphetamine in the past does not lead to the conclusion he knew there was a pound of the substance under his car seat. Thus, the statements were highly prejudicial. Further, their probative value is low. We have conflicting evidence about whether Sheldon made the statements. The detective failed to record the interview in which Sheldon made the statements. Because the trial court did not perform the balancing test, we have no record as to when or where the prior methamphetamine dealing occurred, or how it established Sheldon's knowledge of the methamphetamine in this case. And, during oral argument before this Court, Sheldon's counsel pointed out that the presentation of this 404(b) evidence, after an apparent ruling by the court that 404(b) evidence would not be admitted, caught Sheldon off guard. Counsel listed a number of things that the defense would have done differently, had it been known that the statements were to be offered in evidence. Thus, Sheldon suffered substantial prejudice as a result of the admission of the other acts evidence. We therefore conclude that admission of the evidence was not harmless error. Thus, we vacate the judgment of conviction.

## III.

Sheldon's conviction is vacated. The case is remanded for further proceedings consistent with our holding.


Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.