**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38899/38900**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 777** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed:  December 28, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TARANGO DEFOREST PADILLA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. G. Richard Bevan, District Judge.

Judgments of conviction for two counts of grand theft and being a persistent violator, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Tarango Deforest Padilla appeals from his judgments of conviction entered upon jury verdicts finding him guilty of two counts of grand theft and being a persistent violator. Specifically, he contends the district court erred in denying his motion in limine to exclude certain evidence.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

At approximately 2:30 a.m. one morning in August 2009, Officer Matthew Gonzales, who was on routine patrol driving through an alley, saw Padilla and attempted to make contact with him.  Padilla fled and was subsequently found nearby lying on the ground under a tree. During a search of Padilla, officers found two financial transaction cards (cards) that did not

belong to Padilla and several ceramic spark plug pieces.[1]  Officers found additional cards, spark plug pieces, and a flashlight upon searching the area where Padilla was pursued and ultimately detained.  Police contacted the owners of two of the cards, who both confirmed they left their cards in their respective unlocked vehicles the night before and the cards were missing.  Both victims denied knowing Padilla or giving him permission to use the cards.

Padilla was charged with two counts of grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b), and with being a persistent violator, I.C. § 19-2514, in separate cases later consolidated for trial.  Prior to the presentation of any witness testimony on the first day of trial, Padilla argued on behalf of his motion in limine to prevent the introduction of evidence relating to the spark plug pieces and the flashlight.  He argued the evidence was irrelevant to the grand theft charges and was unfairly prejudicial and potentially inflammatory because the State would utilize the evidence to imply he was not only guilty of the charged grand thefts, but also of burglarizing vehicles by using the items to break into the vehicles to obtain the cards.  The court denied the motion, allowing the State to elicit testimony regarding the discovery of these items at the time of Padilla's arrest.

The jury found Padilla guilty as charged.  He filed a timely notice of appeal in both cases, and they were consolidated for appeal.

## II.

## ANALYSIS

Padilla contends the district court erred in denying his motion in limine to prevent the State from presenting evidence regarding the spark plug pieces and the flashlight.  Specifically, he argues it constituted unfairly prejudicial Idaho Rule of Evidence 404(b) evidence that was not relevant to any permissible issue with regard to his charges of wrongfully taking or obtaining the cards.  He further asserts the error was not harmless.

In admitting the evidence, the district court found the items were not "bad acts" evidence excludable under Rule 404(b) but part of the *res gestae* of the crime:

> [The items] don't go to show some type of independent showing of bad actor to cause the jury to make a determination that Mr. Padilla is somehow being

---

[1]     Officer Gonzales testified at trial that from his training, he was aware that ceramic spark plug pieces are often used by criminals to easily break car windows.  He testified he did not know of any legitimate reason a person would have such items on his person.

2

convicted because he's just a bad egg and does bad things, but rather to show the potentialities of this conduct as it has been alleged.

We review a trial court's decision to admit evidence for abuse of discretion. *State v. Grist*, 147 Idaho 49, 51, 205 P.3d 1185, 1187 (2009); *State v. Field*, 144 Idaho 559, 564, 165 P.3d 273, 278 (2007). Thus, in this review, we examine whether: (1) the trial court correctly perceived the issue as discretionary; (2) the trial court acted within the outer bounds of its discretion and with applicable legal standards; and (3) the trial court reached its decision through an exercise of reason. *Grist*, 147 Idaho at 51, 205 P.3d at 1187.

Evidence of other crimes, wrongs, or acts is not admissible to show a defendant's criminal propensity. I.R.E. 404(b); *State v. Sheldon*, 145 Idaho 225, 227-28, 178 P.3d 28, 30-31 (2008); *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003). However, such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake, if the prosecution provides notice before presenting the evidence. I.R.E. 404(b). Rule 404(b) does not, however, extend to evidence of acts that are intrinsic to the charged offense. *Sheldon*, 145 Idaho at 228, 178 P.3d at 31; *State v. Pullin*, 152 Idaho 82, 87, 266 P.3d 1187, 1192 (Ct. App. 2011). Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged. *Sheldon*, 145 Idaho at 228, 178 P.3d at 31; *Pullin*, 152 Idaho at 87, 266 P.3d at 1192. Because they require divergent analyses, we address the admission of evidence of the spark plug pieces and the flashlight separately.

A.      **Spark Plug Pieces**

Here, even assuming, without deciding, evidence of the ceramic spark plug pieces constitutes Rule 404(b) evidence,[2] we conclude the evidence was nonetheless admissible for a permissible purpose pursuant to the rule. As the rule states, although such evidence is not admissible to prove propensity, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake.

Once Rule 404(b) evidence is identified, a court must conduct a two-tiered analysis to determine whether the evidence was inadmissible propensity evidence under Rule 404(b) or

---

[2]      It is not clear that it does actually constitute Rule 404(b) evidence given the holdings in *Sheldon* and *Pullin* discussed above.

whether the evidence could be admitted for some other purpose. *Sheldon*, 145 Idaho at 229, 178 P.3d at 32; *State v. Cross*, 132 Idaho 667, 670, 978 P.2d 227, 230 (1999). First, the court considers whether the evidence is relevant to a material disputed issue concerning the crime charged. *Sheldon*, 145 Idaho at 229, 178 P.3d at 32. Second, the court considers whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant. *Id*.

Padilla was charged with theft of the financial transaction cards pursuant to Idaho Code § 18-2403(1):

> A person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he *wrongfully takes*, obtains or withholds such property from an owner thereof.

(Emphasis added.) Padilla's defense at trial was that he found the cards on the ground seconds before being approached by police, thus implying he had not "wrongfully" taken them. The fact that items commonly used to break into vehicles, which is where both victims indicated they had left their cards, were found on Padilla's person and in his vicinity is relevant to refute this defense. Specifically, evidence of the spark plug pieces supports the State's assertion that Padilla planned to break into vehicles and had, in fact, taken the cards from inside the victims' vehicles as opposed to merely finding them on the ground. *See* I.R.E. 401 (evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable"). That neither vehicle had evidence of a forced entry--*i.e.*, there was no evidence showing the spark plug pieces were actually used to break a window--does not render the evidence irrelevant. A logical, and permissible, inference is that Padilla planned to utilize the spark plug pieces to gain access to the vehicles, but found their use unnecessary because the vehicles were unlocked. Thus, the purpose of this evidence was not to prove Padilla is guilty due to his propensity to burgle, but rather to prove Padilla is guilty *in this case* because the evidence suggests he wrongfully obtained the cards.

Having found this evidence relevant to a permissible purpose, we examine whether, pursuant to Idaho Rule of Evidence 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to Padilla as he argues on appeal. Padilla argues the evidence was unfairly prejudicial because it painted him as a "bad guy who is roaming the streets looking for the right car to break the glass with his [spark plug pieces] at any given moment." Rule 403 does not, however, offer protection against evidence that is merely

4

prejudicial in the sense of being detrimental to the party's case; almost all evidence in a criminal trial is demonstrably admitted to prove the case of the State and, thus, results in prejudice to a defendant. *State v. Carlson*, 134 Idaho 389, 397-98, 3 P.3d 67, 75-76 (Ct. App. 2000); *State v. Floyd*, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct. App. 1994). Rather, the rule protects against evidence that is *unfairly* prejudicial--that is, if it tends to suggest decision on an improper basis. *Carlson*, 134 Idaho at 397-98, 3 P.3d at 75-76; *Floyd*, 125 Idaho at 654, 873 P.2d at 908. Here, a key component of the State's case was that Padilla had, in fact, entered the victims' vehicles without permission and taken their cards, as opposed to merely finding them on the street as he contended. Evidence suggesting he planned to do so by force, and was in fact "roaming the streets looking for the right car" to break into, is not unfair and does not suggest a decision on an improper basis where the State was required to prove Padilla wrongfully took the cards. Thus, the court did not err in refusing to exclude evidence of the spark plug pieces.

**B.      Flashlight**

Admission of evidence of the flashlight, along with Officer Gonzales's testimony that the flashlight was of interest to him because when "people are out lurking at night" they tend to have flashlights and he has found drugs and paraphernalia in flashlights, is more troubling. Although there may be some relevance akin to that attached to the spark plug pieces, it is significantly more diminished because flashlights have numerous innocuous purposes. However, even assuming the evidence was improperly admitted, it was harmless error.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). To hold an error harmless, this Court must declare a belief, beyond a reasonable doubt, there was no reasonable possibility the evidence complained of contributed to the conviction. *Sheldon*, 145 Idaho at 230, 178 P.2d at 33.

The State presented clear evidence Padilla had the cards and pieces of broken spark plugs in his possession when he was approached by police--a fact Padilla did not dispute. Padilla's defense, that he found these items on the ground and picked them up because he was intoxicated and "curious" and then ran only because the officer in his marked patrol car "startled" him, was not particularly credible--especially given that Padilla was carrying both items and Officer

5

Gonzales testified he knew of no reason for a person to carry broken spark plug pieces in their pocket other than to break into vehicles (where the victims stated they had left their cards). In light of the evidence of Padilla's possession of the cards and spark plug pieces, the additional testimony regarding the flashlight was not particularly damaging to Padilla because, as we pointed out above, flashlights are largely innocuous items. Accordingly, we are satisfied beyond a reasonable doubt that the evidence did not contribute to the verdict and that, even without evidence of the flashlight, the jury would have found Padilla guilty of grand theft of the cards found in his possession.

## III.

## CONCLUSION

Padilla failed to establish the district court abused its discretion in admitting evidence of the spark plug pieces. Even if the evidence regarding the flashlight was not relevant to a permissible purpose, we conclude its admission was harmless error given the evidence of Padilla's guilt and his relatively weak defense. Padilla's judgments of conviction entered upon jury verdicts finding him guilty of two counts of grand theft and being a persistent violator are affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**