# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42149

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 355** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 28, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TOMMY DALE COLE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Michael J. Griffin, District Judge.

Judgment of conviction for two counts of aggravated assault and one count of operating a motor vehicle without the owner's consent, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Tommy Dale Cole appeals from his judgment of conviction for two counts of aggravated assault and one count of operating a motor vehicle without the owner's consent. Cole argues that the district court abused its discretion when it allowed testimony about statements Cole allegedly made over the phone to one of the victims the day following the underlying criminal event. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The state charged Cole with two counts of aggravated assault and one count of operating a vehicle without the owner's consent following a confrontation between Cole, his ex-wife, and another male outside of a bar. Evidence at trial showed that Cole observed his ex-wife and the

1

male inside a bar. When the male and female exited the bar and as the female was getting into her vehicle, Cole emerged from the backseat of the vehicle, confronted the female with a firearm, and threatened to kill both the female and the male. The female retreated back into the bar. Cole followed her, continued to threaten her, and pointed the firearm at her. Subsequently, the male came to the front door of the bar and got Cole's attention. Cole chased the male back outside and pointed the firearm at him. The female hid inside the bar with the barmaid and contacted the police. Before the police arrived, Cole left the scene in the female's vehicle, which was later found abandoned. Cole was arrested three days later.

Prior to trial, the state filed notice of its intent to introduce certain evidence at trial. Specifically, the State gave notice that it intended to offer statements allegedly made by Cole to the female over the telephone the day following the incident at the bar. Cole objected, arguing that the admission of the alleged statements was impermissible pursuant to Idaho Rule of Evidence 404(b). After a hearing, the district court ruled that the state could offer the phone statements into evidence. At trial, the female offered testimony concerning these phone statements. A jury found Cole guilty of the two counts of aggravated assault, I.C. §§ 18-901(b) and 18-905(a), and operating a motor vehicle without the owner's consent, I.C. § 49-227. Cole appeals, challenging the admission of Cole's phone statements.

## II.

## ANALYSIS

### A.    Admissibility of Phone Statements

Cole argues that the evidence of his alleged phone statements the day after the incident was inadmissible under I.R.E. 404(b). Specifically, Cole contends that the district court did not act consistently with the applicable legal standards because the district court did not articulate the purpose, other than propensity, for the admission of the phone statements. Idaho Rule Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses

2

pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009); *see also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). In this case, Cole does not challenge the existence of the phone call the day after the incident at the bar as an established fact. Therefore, we address only the relevancy and unfair prejudice. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

3

Here, the state filed a notice seeking to offer testimony from the female referencing phone statements Cole made the day following the criminal incident. The notice provided:

> The state intends to offer the following statements made by [Cole] to the [female victim] on October 19, 2012. [Cole] called the victim, . . . and stated: "I'm in Clarkston, Bitch, your Idaho cops can't touch me." The victim responded: "Great!, Don't ever come back." [Cole] stated: "Oh, I'll be back. I'm gonna come blow your F'n head off." The victim hung up. The victim's statement continues with: "He called back several more times but I'd just click the phone on then off so he couldn't talk to me and so that he couldn't leave a message." [Cole] further said to the victim on the phone: "He told me that he was outside looking through the ventilation fan--watching us at the bar for a long time." The state believes said statements are relevant and should be allowed into evidence at the trial of this matter. They are statements made by [Cole] and there is no legal reason to exclude said evidence from being admitted at trial.

In his second motion in limine, Cole objected to the state's request to admit these statements, contending that such evidence constitutes "other crimes or bad acts which are inadmissible under Rule 404(b)." At the subsequent hearing, Cole argued:

> I just think those are--those are [Rule] 404(b) evidence. I think they're just prejudicial. Again, they're after the fact. They're not anything dealing with the crime at hand. I just think that when we start leaving the night of the crime and start looking at the other evidence, we're just risking substantial error with the jury being highly prejudiced by that type of evidence.

Without further argument, the district court ruled:

> The state's motion with respect to [Cole's alleged phone statements] will be granted. [The state] can offer that evidence. [The statements] allegedly occurred the day after the offense and a couple of days before Mr. Cole was arrested. I think those are relevant, and the relevance substantially outweighs any possible prejudice to [Cole]. So, [the alleged phone statements] will be allowed.

On appeal, Cole contends that the district court's ruling was insufficient because it failed to articulate for what purpose the phone statements were relevant other than propensity under Rule 404(b). The state contends that Rule 404(b) was not the basis for the state's motion in limine to admit such evidence, nor was it the district court's basis for granting the state's motion.

Our analysis focuses on the threat that Cole would blow the female's head off. The phone statements occurred the day after the underlying criminal event and did not form a factual element supporting the underlying charges. The statements included a threat that Cole would

4

blow the female's head off. Such a statement risks inducing a jury to be more inclined to believe that Cole would have committed the underlying crime because of Cole's subsequent and separate threat. This evidence was prejudicial, implicated Cole's character, was not intrinsic to the crime charged, and thus was subject to the strictures of Rule 404(b). *See e.g., State v. Whitaker*, 152 Idaho 945, 949-50, 277 P.3d 392, 396-97 (Ct. App. 2012) (holding that the defendant's viewing of pornography on some occasion separate from the charged offenses was not part of the charged criminal episode, nor was it necessary in order to provide a complete account of the charged crimes).

Cole objected to the admission of the testimony concerning Cole's phone statements specifically based on Rule 404(b) grounds. Accordingly, the district court was required to engage in the Rule 404(b) propensity evidence analysis to determine admissibility of such evidence. *See Grist*, 147 Idaho at 52, 205 P.3d at 1188; *see also Sheldon*, 145 Idaho at 230, 178 P.3d at 33 (holding that compliance with Rule 404(b) is mandatory and a condition precedent to admission of other acts evidence and that by failing to comply with the notice provisions of Rule 404(b), the defendant's statements were inadmissible).

Here, the district court failed to articulate a relevant purpose, other than propensity, for the admission of the threat. Although the district court is not generally required to engage in an extensive analysis explaining why evidence is relevant for a nonpropensity purpose, failing to identify the nonpropensity relevant purpose or purposes is erroneous and fails to comply with the applicable legal standard. *See State v. Marks*, 156 Idaho 559, 565, 328 P.3d 539, 545 (2014) (noting that the trial court's identification of the permissible purpose under Rule 404(b) was sufficient to uphold the trial court's finding that the evidence was relevant). Accordingly, because the district court failed to follow the required Rule 404(b) analysis, it erred in admitting the testimony concerning the phone statements Cole made the day following the underlying criminal incident.

Because we have determined that the challenged testimony, specifically the threat, should have been reviewed under the Rule 404(b) analysis, it is not necessary to consider the second prong of the test and determine whether the probative value of the evidence is substantially outweighed by the risk of unfair prejudice.

**B.      Harmless Error**

The state argues that, even if the district court erred in admitting Cole's phone statements, such error was harmless.  Conversely, Cole argues that the district court's error requires his judgment of conviction to be vacated and the case be remanded for a new trial.  Alternatively, Cole contends that the district court's error was not harmless beyond a reasonable doubt because there was a reasonable possibility the propensity evidence admitted in the form of statements contributed to the conviction.

Error is not reversible unless it is prejudicial.  *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983).  With limited exceptions, even constitutional error is not necessarily prejudicial error.  *Id.*  Thus, we examine whether the alleged error complained of in the present case was harmless.  *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).  Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the state has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict.  *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).  However, where the error in question is a constitutional violation that affects the base structure of the trial to the point that the trial cannot serve its function as a vehicle for the determination of guilt or innocence, the appellate court shall vacate and remand.  *Id*.  Such structural defects include the complete denial of counsel, a biased trial judge, denial of self-representation, denial of a public trial, defective reasonable doubt instruction, and erroneous deprivation of the right to counsel of choice.  *Id*. at 222-23, 245 P.3d at 974-75.  Although structural defects require automatic reversal, most constitutional violations will be subject to a harmless error analysis.  *Neder v. United States*, 527 U.S. 1, 8 (1999).

Saying that an error did not contribute to a subsequent verdict is not to say that the jury was unaware of that feature of the trial later held to be erroneous.  *State v. Joy*, 155 Idaho 1, 11, 304 P.3d 276, 286 (2013).  Rather, declaring that an error did not contribute to the verdict is to find the error unimportant in relation to everything else the jury considered on the issue, as revealed in the record.  *Id.*  Thus, an appellate court's inquiry is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.  *Id.*

In this case, both the male and female testified that Cole hid inside the female's vehicle. As the female was getting into the vehicle, Cole emerged from the backseat, pointed a firearm at her, and threatened to kill both she and the male. Both victims and the barmaid testified that Cole pursued the female as she retreated to the bar and continued to threaten her with the firearm pointed at her. Further, all three witnesses testified that Cole, upon seeing the male in the doorway, turned and pursued the male outside. Both victims testified that Cole pointed the firearm and repeatedly threatened the male. The barmaid testified that she too saw Cole pointing something at the male. After locking the door to bar, both the female and the barmaid hid inside and the female contacted the police. The female testified that later, upon emerging from a hiding place inside the bar, she found her vehicle missing. The male testified that Cole had taken the vehicle and had driven it away. The female testified that she had not given Cole permission to take her vehicle.

Additionally, the testimony from both victims, the barmaid and the responding officer, as well as the 911 recording, all support that both victims were scared and frightened during and after the incident. Finally, testimony was offered from a third party who, two weeks prior to the incident, traded a .22 semi-automatic pistol with a black handle and a stainless silver barrel to Cole in exchange for mechanical work. The same firearm description was used by each of the victims and the barmaid when testifying about the description of the firearm Cole used the night of the incident.

Consequently, based on the evidence before the jury, there was extensive and convincing evidence presented at trial to demonstrate that Cole utilized a firearm and intentionally threatened by word or act to do violence to both victims, thereby causing them to imminently fear that violence. *See* I.C. §§ 18-901(b) and 18-905(a). We hold that the inclusion of the challenged phone statements did not contribute to the jury's guilty verdict. Accordingly, the district court's error in admitting evidence of Cole's phone statements the day after the incident was harmless.[1]

---

[1] We note that the state makes a number of arguments relating to the admissibility of the phone statements. However, having concluded that the district court was required and failed to conduct the required Rule 404(b) analysis upon Cole's objection but that the failure to do so was harmless error, we need not address the state's additional grounds.

### III.

### CONCLUSION

The district court erred when it allowed the state to enter into evidence the phone statements made by Cole following the underlying criminal incident. However, the district court's error was harmless. Accordingly, Cole's judgment of conviction for two counts of aggravated assault and operating a motor vehicle without the owner's consent is affirmed.

Judge HUSKEY, **CONCURS**.

Judge GRATTON, **CONCURS IN THE RESULT**.