**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50448**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>JASON NICHOLAS LONG,<br><br>      Defendant-Appellant. | )<br>)  **Filed:  October 17, 2025**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Lynn G. Norton, District Judge.

Judgment of conviction for aggravated battery, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy State Appellate Public Defender, Boise, for appellant.  Jacob L. Westerfield argued.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.  Elizabeth H. Estess argued.

---

TRIBE, Judge

Jason Nicholas Long appeals from his judgment of conviction for aggravated battery.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Long was charged with aggravated battery.  The State also alleged that Long is a persistent violator of the law.  At trial, the testimony indicated that Long and the victim lived next to each other in a duplex.  The victim and the victim's girlfriend were involved in a dispute.  The victim went to leave the home; however, Long was standing on the doorstep, and he grabbed and battered the victim.  The victim required medical attention for multiple facial fractures.

At trial, Long objected to the victim's testimony that Long approached the victim after the altercation and told him Long would "bury" the victim if he ever "put [his] hands on anyone or a

1

girl or her." The district court overruled the objection, finding that the statement was admissible as *res gestae*. During rebuttal closing argument, the prosecutor told the jury that, "when someone reports actions to the police, should it be found that they've given false or misleading information, that's a crime. There's a risk when you go to report something to the police." Long objected on the grounds that the statements were assuming facts not in evidence and that it was an improper argument. The district court overruled the objection. The jury found Long guilty of aggravated battery (Idaho Code § 18-907), and Long subsequently admitted to the persistent violator enhancement (I.C. § 19-2514).

At Long's restitution hearing, the State requested $14,928.59 in costs on behalf of the victim. Long objected to the treatment costs, arguing they were associated with the victim's alcohol withdrawal. The district court overruled Long's objection, finding that the costs would not have been necessary if the victim was not in the hospital for injuries inflicted by Long. Long appeals.

## II.

## ANALYSIS

Long makes several arguments on appeal. He first argues that the district court abused its discretion by allowing the State to present evidence that he threatened the victim after the battery was completed, asserting the evidence constituted inadmissible propensity evidence that the district court erroneously admitted based on the *res gestae* doctrine. Next, Long argues that the prosecutor committed misconduct during rebuttal closing argument by telling the jury that it is a crime for a person to give false or misleading information to law enforcement. Long argues that the aggregation of these errors requires reversal pursuant to the cumulative error doctrine. Finally, Long argues that the district court abused its discretion by ordering him to pay restitution for the costs associated with the victim's alcohol withdrawal while he was hospitalized for the injuries Long inflicted.

A. **Long's Threat**

Long argues the victim's statement at trial--that Long threatened to "bury" the victim--was "Improper, Non-Noticed I.R.E. 404(b) Evidence" that should have been excluded pursuant to Idaho Rule of Evidence 403. Long argues that the district court erred in finding that the statement was not propensity evidence under I.R.E. 404(b). The State argues that the statement was not

2

subject to I.R.E. 404(b) because it was not offered to prove Long's character to show an act in conformity with that character but, instead, to show his consciousness of guilt, motivation for the crime, and to explain the victim's reluctance to identify Long as the attacker.

The evidence rule in question, I.R.E. 404(b), provides:

> (1)     Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2)     Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case, the prosecutor must:
> > (A)     file and serve reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> > (B)     do so reasonably in advance of trial--or during trial if the court, for good cause shown, excuses lack of pretrial notice.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012). The notice provision of the rule is only implicated if the evidence qualifies as I.R.E. 404(b) evidence in the first instance.

During oral argument, Long cited *State v. Leavitt*, 171 Idaho 757, 765, 525 P.3d 1150, 1158 (2023), and argued that the Idaho Supreme Court has created a standard necessitating reversal without requiring a harmless error analysis when the prosecutor fails to provide notice for I.R.E. 404(b) evidence and the evidence is subsequently admitted. Although Long did not cite *Leavitt* for this proposition until oral argument, we will review his reliance on *Leavitt*. *See* Idaho Appellate Rule 34(e)(1) (providing for supplemental authority prior to the issuance of an opinion). Specifically, Long cites the Court's holding that the inquiry, when I.R.E. 404(b) evidence is admitted without notice, "is not whether the defendant has established unfair prejudice . . . but rather whether the State has shown good cause for the late disclosure." *Leavitt*, 171 Idaho at 765, 525 P.3d at 1158. The Idaho Supreme Court vacated and remanded the district court's judgment

3

of conviction, recognizing that I.R.E. 404(b) "sets a condition precedent" to admission of a prior bad act, and the district court erred by failing to require the State to show good cause and failing to make a finding of good cause for the delayed notice. *Leavitt*, 171 Idaho at 766, 525 P.3d at 1159.

The Court then analyzed whether the evidence was proper for a nonpropensity purpose. *Id*. at 767-68, 525 P.3d at 1160-61. The State argued at trial and on appeal that the evidence of Leavitt's status as a sex offender was not to show propensity but to show a common scheme or plan. *Id*. at 766, 525 P.3d at 1159. The Idaho Supreme Court clarified that there was scant evidence, and the trial court did not analyze, whether there was any connection between the grooming of the victim in the present case and the grooming of the victims in Leavitt's two prior cases. *Id*. at 768, 525 P.3d at 1161. Specifically, the Court failed to find any connection to Leavitt's first case (which involved the sexual abuse of a four-year-old when Leavitt was still a minor) and his second case (which involved a sixteen-year-old victim who was Leavitt's girlfriend when he was nineteen years old). *Id*.

Unlike *Leavitt*, the evidence to be admitted against Long--his threatening statement--does not have a propensity purpose under I.R.E. 404(b). *Leavitt* discussed a circumstance where Leavitt's past unrelated criminal conduct was admitted to show the similarity amongst the crimes that were previously committed and the one with which he was charged. In other words, the only relevance of the evidence in *Leavitt* would be to show Leavitt had the propensity to commit sexual crimes because he had done so in the past. Conversely, in this case, Long's threat made to the victim does not show propensity; instead, it is a reference to the specific charged criminal conduct in the case. Further, unlike *Leavitt*, where no connections were found between the prior crimes alleged in the I.R.E. 404(b) notice and the charged conduct, here, the threat is made to the same victim, regarding the same third party, and regarding the same actions that were the basis for the underlying charged criminal conduct. Because the threat is relevant, as it is intrinsic to the specific charged conduct and serves no propensity purpose, it differs from the evidence in *Leavitt*, where the only relevance was the propensity to commit the charged conduct. Because the threat is not propensity evidence under I.R.E. 404(b), and is otherwise relevant for the reasons stated above,

4

Long's contention at oral argument--that lack of notice is dispositive of the issue based on the Idaho Supreme Court's holding in *Leavitt*--fails.[1]

"The question of whether evidence is relevant is reviewed de novo, while the decision to admit relevant evidence is reviewed for an abuse of discretion." *State v. Sheldon*, 145 Idaho 225, 228, 178 P.3d 28, 31 (2008). As we have already determined that the testimony regarding the threat was relevant, we next determine whether the trial court abused its discretion. The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.*

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Long argues that the district court abused its discretion in admitting the evidence because its probative value was substantially outweighed by its prejudicial effect. This section of Long's brief is supported by argument that the testimony is improper propensity evidence and therefore prejudicial. However, we have already rejected the assertion that the testimony was propensity evidence. The district court found that the testimony of the threat was not "unduly prejudicial under [I.R.E.] 403." While the district court's reasoning is minimal, it is sufficient. Long has failed to show that the testimony regarding the threat was propensity evidence, was not independently relevant as intrinsic to the charged conduct, and its probative value was substantially outweighed by its prejudice. Therefore, the district court did not err in admitting the statement.

## B.     Prosecutorial Misconduct

Long argues the prosecutor committed misconduct because, during the prosecutor's rebuttal closing argument, the prosecutor told the jury that "when someone reports actions to the police, should it be found that they've given false or misleading information, that's a crime.

---

[1]     Because the evidence was relevant for a proper nonpropensity purpose, we need not discuss Long's *res gestae* argument.

There's a risk when you go to report something to the police." Long objected on the grounds of assuming facts not in evidence and that it was an improper argument. The district court overruled the objection, noting: "It's their argument."[2] On appeal, Long asserts that these statements assume facts not in evidence, improperly vouched for the credibility of the State's witnesses, and misstated the law which resulted in prosecutorial misconduct.

Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* When there has been a contemporaneous objection, we determine factually if there was prosecutorial misconduct and then determine whether the error was harmless. *Id.*; *State v. Phillips*, 144 Idaho 82, 88, 156 P.3d 583, 589 (Ct. App. 2007). Where a criminal defendant shows a reversible error based on a contemporaneously objected-to constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018). A conviction will not be set aside for small errors or defects that have little, if any, likelihood of having changed the results of the trial. *State v. Baker*, 161 Idaho 289, 299, 385 P.3d 467, 477 (Ct. App. 2016).

Long first argues that the prosecutor's rebuttal closing argument assumed facts not in evidence because "[n]o evidence was presented at the trial that a person would commit a crime by providing an officer with false or misleading information." However, the prosecutor's statements did not instruct the jury to believe a fact not in evidence--that the victim or the victim's girlfriend were or were not charged with a crime for lying to law enforcement. Instead, the prosecutor argued to the jury a legitimate reason why the victim may not have reported the crime, including the risk associated with potential legal consequences for making a false report to law enforcement and retribution from Long.

---

[2]     We interpret this to mean that the statements made during closing arguments should generally be viewed by the jury as arguments of the attorneys and are not evidence. *See* Idaho Criminal Jury Instruction 202 (providing that arguments and statements by attorneys are not evidence).

Further, Long argues that the prosecutor's statements vouched for the credibility of the State's witnesses. However, Long made no contemporaneous objection on this ground at trial. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, when a defendant alleges that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). Long has failed to present any argument regarding fundamental error on the grounds that the prosecutor misstated the law or that the prosecutor vouched for the State's own witnesses. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). As such, we need not address whether Long was prejudiced by these statements.

**C.    Cumulative Error**

Long contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors (harmless in and of themselves) may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Long has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine. As such, Long has failed to show he is entitled to application of the cumulative error doctrine.

**D.    Restitution**

Long argues that the district court abused its discretion by ordering him to pay restitution for the costs associated with the victim's alcohol withdrawal. Specifically, Long argues that the district court failed to properly consider whether the crime for which he was convicted was a proximate cause for the costs associated with the victim's alcohol withdrawal. Long argues that it was not reasonably foreseeable that, following surgery on the victim's jaw, the victim would develop symptoms of hypertension which resulted in him being evaluated for alcohol withdrawal and that he would then incur significant costs for treatment. The State argues that Long's challenges to the restitution amount fail because the district court's determination was supported by substantial and competent evidence. The district court found that the costs associated with the

victim's alcohol withdrawal would not have been incurred if the victim had not been hospitalized to address the injuries and concomitant medical issues caused by Long.

Idaho Code § 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Torrez*, 156 Idaho at 120, 320 P.3d at 1279. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Herrera*, 164 Idaho at 270, 429 P.3d at 158.

To meet the second and third requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Thus, the State must prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal conduct and the damages suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012). Causation consists of actual cause and true proximate cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009). Actual cause refers to whether a particular event produced a particular consequence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757. A "but for" test of actual cause is used in circumstances where there is only one cause or where two or more possible causes were not acting concurrently. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757.

Proximate cause focuses on the foreseeability of the injury, requiring us to determine whether the injury and manner of occurrence were so highly unusual that we can say, as a matter of law, that a reasonable person, making an inventory of the possibilities of harm that his or her

conduct might produce, would not have reasonably expected the injury to occur. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757; *State v. Houser*, 155 Idaho 521, 525, 314 P.3d 203, 207 (Ct. App. 2013). The causal chain linking a defendant's criminal conduct to the economic loss suffered by a victim may be severed by an independent act or force constituting an intervening, superseding cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757; *Houser*, 155 Idaho at 525, 314 P.3d at 207. In general, an intervening, superseding cause replaces the defendant's act as the proximate cause of the victim's injury. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374-75, 223 P.3d at 757-58; *Houser*, 155 Idaho at 525, 314 P.3d at 207. However, to relieve a defendant of criminal liability, an intervening, superseding cause must be an unforeseeable and extraordinary occurrence. *Corbus*, 150 Idaho at 602-03, 249 P.3d at 401-02; *Lampien*, 148 Idaho at 375, 223 P.3d at 758; *Houser*, 155 Idaho at 525, 314 P.3d at 207. The defendant remains criminally liable if either the possible consequence might reasonably have been contemplated or the defendant should have foreseen the possibility of harm of the kind that could result from his or her act. *Corbus*, 150 Idaho at 602-03, 249 P.3d at 401-02; *Lampien*, 148 Idaho at 375, 223 P.3d at 758; *Houser*, 155 Idaho at 525, 314 P.3d at 207.

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

Long argues that, when the district court only analyzed actual cause, it erred by finding that the costs associated with the victim's alcohol withdrawal were proximately caused by Long. Long argues that the costs associated with the victim's alcohol withdrawal were not reasonably foreseeable based upon his criminal conduct.[3] It is reasonably foreseeable that, due to injuries to

---

[3] The evidence shows that the victim was not hospitalized for alcohol withdrawal but for hypertension. The physician's note states that the victim became hypertensive in the post

9

a person's jaw from an aggravated battery, a victim could incur medical expenses associated with that injury or any side effects resulting from medical intervention associated with repairing or rehabilitating that injury.

Therefore, it was reasonably foreseeable that the victim of the aggravated battery would incur medical expenses associated with the treatment required as a result of surgery for a broken jaw caused by Long. The aggravated battery that Long was convicted of was the actual and proximate cause of the costs incurred by the victim. The district court did not abuse its discretion in awarding restitution to the victim.

## III.

## CONCLUSION

Long has failed to show that the district court erred by admitting Long's threatening statement, as the statement was not propensity evidence under I.R.E. 404(b). Long also failed to show misconduct in the prosecutor's rebuttal closing argument. Long further failed to show cumulative error. Finally, Long has failed to show the district court abused its discretion in awarding restitution to the victim for medical treatment associated with the care he received as a result of the broken jaw caused by Long. Long's judgment of conviction for aggravated battery is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.

---

anesthesia care unit with an "initial concern for ETOH [ethanol alcohol] withdrawal. He is at risk for ETOH withdrawal given his heavy alcohol use (4-10 beers per day) but does not appear to be in withdrawal at this time. Overnight his BP improved without further intervention."